Nos. 23-4354 and 23-4356

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RENO MAY, ET AL.,
    *Plaintiffs-Appellees*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF CALIFORNIA,
    *Defendant-Appellant*.

**On Appeal from the United States District Court
for the Central District of California**
No. 8:23-cv-01696-CJC-ADSx
The Honorable Cormac J. Carney, Judge

**CERTIFICATE RE: EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR A STAY PENDING APPEAL AND FOR AN INTERIM ADMINISTRATIVE STAY**

**RELIEF REQUESTED BY DECEMBER 31, 2023**

| | |
|---|---|
| ROB BONTA<br>*Attorney General of California*<br>THOMAS S. PATTERSON<br>*Senior Assistant Attorney General*<br>R. MATTHEW WISE<br>MARK R. BECKINGTON<br>*Supervising Deputy Attorneys General* | ROBERT L. MEYERHOFF<br>TODD GRABARSKY<br>JANE REILLEY<br>LISA PLANK<br>CAROLYN DOWNS<br>*Deputy Attorneys General*<br>CALIFORNIA DEPARTMENT OF JUSTICE<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013-1230<br>  Telephone: (213) 269-6177<br>  Email: Robert.Meyerhoff@doj.ca.gov<br>*Attorneys for Rob Bonta as Attorney General of the State of California* |

December 22, 2023

(*Additional caption appears on next page*)

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARCO ANTONIO CARRALERO, ET AL.,
    *Plaintiffs-Appellees*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA,
    *Defendant-Appellant*.

**On Appeal from the United States District Court for the Central District of California**
No. 8:23-cv-01798-CJC-ADSx
The Honorable Cormac J. Carney, Judge

# CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel certifies the following information, as required by Ninth Circuit Rule 27-3(c):

**(1) Names, Telephone Numbers, E-Mail Addresses, and Office Addresses for the Attorneys for All Parties (9th Cir. R. 27-3(c)(i)):**

*Counsel for Defendant-Appellant:*
Robert L. Meyerhoff (robert.meyerhoff@doj.ca.gov)
Todd Grabarsky (todd.grabarsky@doj.ca.gov)
Jane Reilley (jane.reilley@doj.ca.gov)
Lisa Plank (lisa.plank@doj.ca.gov)
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6177
Fax: (415) 703-1234

*Counsel for Plaintiffs-Appellees Reno May, et al.:*
C.D. Michel (cmichel@michellawyers.com)
Sean Brady (sbrady@michellawyers.com)
Konstadinos T. Moros (kmoros@michellawyers.com)
Alexander Frank (afrank@michellawyers.com)
Michel & Associates, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer (don@dklawoffice.com)
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489

*Counsel for Plaintiffs-Appellees Marco Antonio Carralero, et al.:*
Bradley A. Benbrook (brad@benbrooklawgroup.com)
Stephen Michael Duvernay (steve@benbrooklawgroup.com)
701 University Ave., Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900

**(2) Facts Showing the Existence and Nature of the Emergency (9th Cir. R. 27-3(c)(ii)):**

The district court concluded that Plaintiffs are likely to succeed on the merits of their Second Amendment challenges to the State's imminent restrictions on carrying firearms in certain sensitive locations, such as playgrounds and libraries. The court issued a preliminary injunction that blocks the State from enforcing those sensitive places restrictions, which are otherwise scheduled to take effect on January 1, 2024.

Specifically, the district court enjoined portions of Senate Bill 2 (SB 2), which amended California law to forbid carrying firearms in the following places: playgrounds and youth centers, local and state parks, libraries, health care facilities, public transit, places where liquor is sold for consumption on site, permitted special events and public gatherings, casinos, stadiums, amusement parks, zoos and museums, and financial institutions. The court also enjoined provisions of SB 2 that forbid carrying firearms in houses of worship and private commercial establishments (unless the operator expressly permits them). The court's injunction also extends to the parking lots of these sensitive places, as well as to the parking lots of other sensitive places identified in SB 2 that Plaintiffs did not challenge (such as courthouses and nuclear facilities).

The Attorney General requests an immediate stay of the injunction to allow a duly-enacted State statute to take effect as scheduled on January 1. A stay is

necessary to allow the State to enforce the enjoined provisions of this statute, which the Legislature has determined will reduce gun violence in certain sensitive locations involving the exercise of other constitutional rights or that draw particularly vulnerable populations, like children. Under similar circumstances, the Second and Third Circuits issued stays of certain portions of preliminary injunctions preventing the enforcement of newly-enacted sensitive places restrictions. *Antonyuk v. Hochul*, No. 22-2908, 2022 WL 18228317 (2d Cir. Dec. 7, 2022); *Koons v. Attorney General*, No. 23-1900 (3rd Cir. June 20, 2023), Dkt. 29 (Meyerhoff Decl., Ex. 3).

The Attorney General respectfully requests that the Court act on this motion as soon as possible and grant the request for a stay. In the alternative, if the Court does not stay the injunction in its entirety, the Attorney General respectfully requests a partial stay, as described in further detail below. If the Court cannot rule on the motion by December 31, 2023—the day before SB 2 is set to go into effect—the Attorney General respectfully requests an administrative stay pending the resolution of this motion.

**(3) Why the Motion Could Not Have Been Filed Earlier (9th Cir. R. 27-3(c)(iii)):**

The district court issued its order granting the preliminary injunction on the evening of December 20, 2023, immediately after the hearing on Plaintiffs' motions conducted that same day. The Attorney General promptly filed notices of appeal on December 22, 2023, and is filing this emergency motion as soon as

practicable on the same day. The undersigned counsel notified the Court's Emergency Motions Department by telephone and email on December 22, 2023.

**(4) When and How Counsel Were Notified and Served and Plaintiffs' Position on the Emergency Motion (9th Cir. R. 27-3(c)(iv)):**

On December 22, 2023, undersigned counsel conferred with the *May* Plaintiffs' counsel by telephone and the *Carralero* Plaintiffs' counsel by email to inform Plaintiffs of the Attorney General's intent to seek a stay pending appeal. Both sets of Plaintiffs oppose this emergency motion. Service will be effected through the Court's CM/ECF system.

**(5) The Requested Relief Was First Sought in the District Court (9th Cir. R. 27-3(c)(v)):**

The Attorney General requested that the district court enter a stay pending appeal if it enjoined SB 2 in whole or in part. *See* Opposition to PI Motions (Opp.) at 50 (*May v. Bonta et al.*, Dkt. 21 at 63). The Attorney General reiterated his stay request at the December 20, 2023 hearing on Plaintiffs' preliminary injunction motions. The district court did not issue a stay in response to these requests.

I declare under penalty of perjury that the foregoing is true.

Dated: December 22, 2023

Respectfully submitted,

ROB BONTA
*Attorney General of California*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*
R. MATTHEW WISE
MARK BECKINGTON
*Supervising Deputy Attorneys General*
ROBERT L. MEYERHOFF
TODD GRABARSKY
JANE REILLEY
LISA PLANK
CAROLYN DOWNS
*Deputy Attorneys General*

s/ Robert L. Meyerhoff

ROBERT L. MEYERHOFF
*Deputy Attorney General*
*Attorneys for Defendant-Appellant*