**ROB BONTA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6177
Facsimile: (916) 731-2119
E-Mail: Robert.Meyerhoff@doj.ca.gov

March 28, 2024

**By Appellate Case Management System (ACMS)**
Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Carralero, et. al. v. Bonta*, Case No. 23-4354
*May, et al. v. Bonta*, Case No. 23-4356
Oral Argument Scheduled for April 11, 2024
<u>State Appellants' Citation of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)</u>

Dear Ms. Dwyer:

Appellant Rob Bonta writes to notify the Court of the decision in *United States v. Perez-Garcia*, No. 22-50314, ___ F.4th ___, 2024 1151665 (9th Cir. March 18, 2024).

This Court rejected a Second Amendment challenge to a pretrial release condition that prohibited firearms possession because that condition is "consistent with our nation's historical tradition of firearm regulation." *Perez-Garcia*, 2024 WL 1151665, at *1. After surveying the historical record, this Court concluded the pretrial release condition was consistent with "our nation's history of disarming criminal defendants facing serious charges pending trial" and of "barring people or groups deemed dangerous or unlikely to respect the sovereign's authority from possessing firearms." *Id.* at *11, *14.

The Court rejected appellants' "divide-and-conquer approach to the historical evidence [because it] misses the forest for the trees." *Perez-Garcia*, 2024 WL 1151665, at *18. The Court explained that in conducting the historical inquiry, "we do not isolate each historical precursor and ask if it differs from the challenged regulation in some way" because *Bruen* does not require a "historical twin" or "dead ringer"; rather, "[w]e instead examine the historical evidence as a whole, determining whether it establishes a tradition of permissible regulation (such as . . . 'sensitive places')." *Id*. And having established a comparable tradition of regulation, the government needed only to identify an analogue that was "relevantly similar" to the challenged modern regulation, not one that disarmed criminal defendants that faced the same charges as the *Perez-Garcia* defendants. 2024 WL 1151665, at *14.

March 28, 2024
Page 2

      Here, Appellees' mode of historical analysis is flawed for the same reason: they demand dead ringers (e.g., an analogue "barring carry on public transportation," *May* AB 30), when what *Bruen* requires is "relevantly similar" laws that fit within "a comparable tradition of regulation." *Perez-Garcia*, 2024 WL 1151665, at *14; *see also id*. (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 29–30 (2022), for the proposition that governments can enact "modern regulations prohibiting the carry of firearms in *new* and analogous sensitive places").

      Sincerely,

      *s/ Robert L. Meyerhoff*

      ROBERT L. MEYERHOFF
      Deputy Attorney General

For    ROB BONTA
      Attorney General

cc: All counsel of record (by ACMS)