**SENIOR PARTNER**
C. D. Michel*

**PARTNERS**
Anna M. Barvir
Matthew D. Cubeiro
Joshua Robert Dale**
W. Lee Smith

\* Also admitted in Texas and the District of Columbia
\*\* Also admitted in Nevada
\*\*\* Also admitted in the District of Columbia

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

**ASSOCIATES**
Tiffany D. Cheuvront***
Alexander A. Frank
Konstadinos T. Moros

**OF COUNSEL**
Sean A. Brady
Jason A. Davis
Joseph Di Monda
Michael W. Price

**WRITER'S DIRECT CONTACT:**
562-216-4444
CMichel@michellawyers.com

March 29, 2024

**VIA ECF**
Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth
Circuit P.O. Box 193939
San Francisco, CA 94119-3939

> RE: *May, et al. v. Bonta*, Case No. 23-4356 (oral argument April 11, 2024); Appellees' Response to State Appellants' Citation of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)

Dear Ms. Dwyer:

The State's citation to supplemental authority only reveals its continued insistence that it be granted the very type of regulatory "blank check" that the Supreme Court rejected. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 30 (2022). But *United States v. Perez-Garcia* supports Appellees, not the State.

As the Ninth Circuit reiterated, the question is whether the modern regulation and the historical laws imposed a comparable burden that was comparably justified. No. 22-50314, 2024 WL 1151665, at *10 (9th Cir. Mar. 18, 2024). None of the historical analogues the State has proposed come close to the near-total elimination of the right to carry that SB 2 would implement. The State's stated position is that carry can be limited to only streets and sidewalks as well as the few businesses that would post a sign affirmatively allowing carry. *See* Appellant's Mot. to Stay Pending Appeal 22, *May v. Bonta*, No. 23-4356 (9th Cir. Dec. 22, 2023). There is simply no historical precedent for that, particularly when Californians today must be vetted before receiving a permit to carry.

*Perez-Garcia* also emphasized *Bruen*'s point that while the historical record supports restrictions banning carry in a few specific places, "*new* and analogous sensitive places" may exist. *Perez-Garcia*, 2024 WL 1151665, at *14. Appellees agree. New

Ms. Molly C. Dwyer, Clerk of Court
March 29, 2024
Page 2 of 2

places that did not exist in the past may be analogous to historically restricted places, and that's why Appellees did not challenge some of SB 2's location restrictions. But most locations at issue here are places that did exist in the 18th or 19th centuries, and thus "the lack of a distinctly similar historical regulation" barring carry in that place is "relevant evidence that the challenged regulation" is unconstitutional. *Bruen*, 597 U.S. at 26.

Finally, *Perez-Gracia* notes that the Bail Reform Act may be upheld because it "does not broadly prevent law-abiding citizens with ordinary self-defense needs from exercising their right to keep **and bear** arms." *Id*. at 17 (bold added). In contrast, by effectively eliminating the right to carry in most places for law-abiding citizens, SB 2 does just that.

Sincerely,
**Michel & Associates, P.C.**

C.D. Michel

cc: All counsel of record via CM/ECF